# EXHIBIT 4

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

# UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

nanoPrecision Products, Inc.,
Application 14/695,008,
Petitioner

v.

Avago Technologies General IP (Singapore) PTE. L and Laurence R. McColloch,
Application 13/658,379,
Respondents

Case No. _____

## PETITION TO INSTITUTE DERIVATION PROCEEDING
## PURSUANT TO 35 U.S.C. § 135

sd-657433

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

## TABLE OF CONTENTS

                                                                           **Page**

I.      INTRODUCTION ..................................................................................... 1

II.     MANDATORY NOTICES ....................................................................... 2

    A.      Real Party-In-Interest ................................................................... 2

    B.      Related Matters ............................................................................. 2

    C.      Lead and Back-Up Counsel ......................................................... 3

    D.      Service Information ...................................................................... 3

III.    GROUNDS FOR STANDING................................................................. 3

IV.     STATEMENT OF MATERIAL FACTS .................................................. 4

    A.      nanoPrecision Products, Inc. Background .................................... 4

    B.      Dr. Barnoski and Others at nPP Conceived of a Stamped
        Optical Bench at Least as Early as 2005 ...................................... 5

    C.      Dr. Barnoski and Others at nPP Conceived of a Stamped
        Optical Bench with an Integral Reflector at Least as Early as
        2005 .............................................................................................. 7

    D.      Dr. Barnoski and Others at nPP Conceived of a Stamped
        Optical Bench With A Ball Lens and Seat at Least as Early as
        June 2009 ...................................................................................... 8

    E.      The nPP Inventors Conceived of the Claimed Inventions and
        Communicated Them to Respondents in a Project Starting in
        July 2010 .................................................................................... 10

    F.      The nPP Inventors Develop a Stamped Bench with an Integral,
        Aspheric Reflector in a Project Starting in September 2010 ............. 34

    G.      Respondents Claim the Derived Inventions Without
        Authorization in the '379 Application ............................................. 39

V.      LEGAL STANDARDS ........................................................................ 40

VI.     CLAIMS 1-27 OF THE '379 APPLICATION ARE DERIVED
    FROM NPP ........................................................................................... 41

    A.      Claim 1 Is Derived ..................................................................... 41

        1.      The nPP Inventors conceived of invention in Claim 1 ............ 42

i

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

|   |   | 2. | nPP communicated the invention of Claim 1 to Respondents | 44 |
|   | B. | Claim 2 Is Derived | 45 |
|   | C. | Claims 3-5 Are Derived | 46 |
|   | D. | Claim 6 Is Derived | 48 |
|   | E. | Claim 7 Is Derived | 50 |
|   | F. | Claim 8 Is Derived | 51 |
|   | G. | Claims 9-11 Are Derived | 52 |
|   | H. | Claim 12 Is Derived | 53 |
|   | I. | Claim 13 Is Derived | 53 |
|   | J. | Claim 14 Is Derived | 54 |
|   | K. | Claim 15 Is Derived | 54 |
|   | L. | Claims 16-19 Are Derived | 55 |
|   | M. | Claim 20 Is Derived | 55 |
|   | N. | Claim 21 Is Derived | 56 |
|   | O. | Claim 22 Is Derived | 57 |
|   | P. | Claim 23 Is Derived | 57 |
|   | Q. | Claim 24 Is Derived | 58 |
|   | R. | Claim 25 Is Derived | 58 |
|   | S. | Claims 26-27 Are Derived | 59 |
| VII. | NPP HAS AT LEAST ONE QUALIFYING CLAIM | | 59 |
| VIII. | CONCLUSION | | 60 |

*

sd-657433

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

the mirror surface, pockets for locating a ball lens, gold plating, the "two-up"

manufacturing configuration, and pockets with alignment edges for accurately

locating electro-optical chips such as edge-emitting lasers or photodiodes.

(Ex. 1001.)

116.    Neither Mr. McColloch nor anyone else at Avago had notified nPP

that such an application was being prepared or was filed.  (Barnoski Decl. ¶ 89;

Vallance Decl. ¶ 83.)

117.    nPP owns U.S. Patent Application No. 14/695,008.  (Ex. 1002.)

Claims 1-27 in the '008 application are identical to Claims 1-27 in the '379

application.

118.    Neither nPP nor any of the nPP Inventors authorized Mr. McColloch

or any else at Avago to file a patent application claiming any of nPP's inventions.

(Barnoski Decl. ¶ 90; Vallance Decl. ¶ 84.)

## V.    LEGAL STANDARDS

To prove derivation, the party asserting derivation must establish prior

conception of the claimed subject matter and communication of that conception to

an inventor of the other party.  *Cooper v. Goldfarb*, 154 F.3d 1321, 1332 (Fed. Cir.

1998); *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993); *Hedgewick v. Akers*,

497 F.2d 905, 908 (C.C.PA. 1974).  A challenged claim which the petitioner

demonstrates is "the same or substantially the same" as a disclosed invention

40

sd-657433

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

constitutes a derived invention. *See* 37 C.F.R. § 42.405(b)(3)(i). "Same or substantially the same" means patentably indistinct. 37 C.F.R. § 42.401.

As shown below, nPP identifies its own claims as defining or representing that invention disclosed to the Respondents. nPP further shows a corroborated conception of that claimed invention, as well as corroborated communication of that conception to Respondents. *Catapult Innovations PTY Ltd. v. Adidas AG*, DER2014-00002, Paper 19 at 5 (PTAB July 18, 2014). Moreover, as shown below, all of the challenged claims of the Respondents are drawn to the same or substantially the same invention as the disclosed invention. *Id.* The challenged claims are therefore derived from nPP. *Id.*

## VI. CLAIMS 1-27 OF THE '379 APPLICATION ARE DERIVED FROM NPP

As described in the statement of material facts above and summarized on a claim-by-claim basis below, corroborated evidence establishes that the nPP Inventors first conceived of the invention defined by each of the '379 application claims and communicated that conception to Respondents.

### A. Claim 1 Is Derived

Respondents' Claim 1 specifies:

41

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

## S.    Claims 26-27 Are Derived

Claim 26 depends from Claim 25 and adds "performing a plating process to plate the reflectors of the stamped metal optics with a reflective metal." Claim 27 depends from Claim 26 and adds "wherein the reflective metal is gold." Petitioner's conception and communication to Respondent of plating the stamped metal optical components with gold is addressed with Claims 8 and 14 above, which require the reflector to be gold plated.

## VII.    NPP HAS AT LEAST ONE QUALIFYING CLAIM

Per 37 C.F.R. § 42.405(a)(2), a petitioner also has to show that it has at least one claim that is (i) the same or substantially the same as the respondent's claimed invention, and (ii) the same or substantially the same as the invention disclosed to the respondent. If the petitioner selects one of its own claims as the "invention disclosed to the respondent," the selection itself can be relied on as satisfying the requirement of 37 C.F.R. § 42.405(a)(2)(ii). *Catapult Innovations*, DER2014-00002, Paper 19 at 5.

Claims 1-27 of Petitioner's application are identical to Claims 1-27 in the '379 application. Petitioner hereby selects each of its own Claims 1-27 as the invention disclosed to Mr. McColloch for each of Respondent' Claims 1-27, respectively. Therefore, for example, Claim 1 in Petitioner's application is both (i) the same or substantially the same as Claim 1 in Respondents' application and

59

sd-657433

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

(ii) the same or substantially the same as the invention disclosed to Respondents as described above with respect to Claim 1. The same goes for Petitioner's Claims 2-27 and the corresponding Claims 2-27 in Respondents' application.

## VIII. CONCLUSION

For the reasons set forth above, Petitioner respectfully requests the institution of a derivation proceeding with respect to all claims of the '379 application.

Dated: April 24, 2015                    Respectfully submitted,

By: /Matthew I. Kreeger/
Matthew I. Kreeger
Reg. No. 56,398
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-6467

60

sd-657433

REDACTED

U.S. Patent App. No. 13/658,379
Petition to Institute Derivation Proceeding

## Certificate of Service (37 C.F.R. § 42.6(e)(4))

I hereby certify that the attached PETITION TO INSTITUTE

DERIVATION PROCEEDING PURSUANT TO 35 U.S.C. § 135 and supporting

materials were served as of the below date by UPS, which is a means at least as

fast and reliable as U.S. Express Mail, on the Respondent at the correspondence

address of record for the '379 application which is:

Kathy Manke
Avago Technologies Limited
4380 Ziegler Road
Fort Collins, CO 80525

Date: April 24, 2015                    /Matthew I. Kreeger/
                                        Matthew I. Kreeger
                                        Reg. No. 56,398
                                        MORRISON & FOERSTER LLP
                                        425 Market Street
                                        San Francisco, CA 94105-2482
                                        (415) 268-6467

61

sd-657433